UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Taijah Jackson, | Case No.: 2:23-cv-01797-APG-VCF |
| Petitioner | |
| v. | **Order Dismissing Petition for Writ of Habeas Corpus without Prejudice** |
| Clark County Detention Center, | |
| Respondent | |

Taijah Jackson has filed a pro se 28 U.S.C. § 2241 habeas corpus petition. ECF No. 1-1. I grant his application to proceed *in forma pauperis*. ECF No. 1.  But almost none of Jackson's claims in his petition implicate his rights under § 2241.  To the extent he has included any allegations that sound in habeas corpus, the claims appear unexhausted, so federal abstention is appropriate.  I therefore dismiss the petition without prejudice.

## Background[1]

Jackson is apparently detained at the Clark County Detention Center (CCDC) in Las Vegas on child abuse and assault charges. *See* ECF No. 1-1 at 1; Las Vegas Township Justice Court case no. 23-CR-063583.  His case, *State of Nevada v. Taijah Jackson*, remains pending before the justice court.

Jackson sets forth numerous claims in his petition.  But he mostly complains about the conditions of his confinement at CCDC, including claims of sexual abuse and deprivation of

---

[1] The procedural history in this section is derived from Jackson's allegations as well as his criminal matter in the Las Vegas Township Justice Court.  I take judicial notice of the online docket records of the state justice court, which may be accessed by the public online at: https://www.lvjcpa.clarkcountynv.gov.

basic necessities, adequate medical care, and a Kosher diet. Such claims implicate his civil rights under 42 U.S.C. § 1983. In fact, Jackson appears to recognize this, as he subsequently filed a § 1983 civil rights complaint in this court. 2:23-cv-01584-MMD-EJY. That complaint includes many of the claims in his § 2241 petition in this case. This petition includes allegations against his public defender that he was coerced into a no-contest plea. Such a claim could implicate his right to effective assistance of counsel, a claim properly brought in a habeas petition.

## Discussion

A federal habeas petitioner incarcerated by a state must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition. Thus, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which

his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Here, Jackson does not state that he has pursued any action in state court. I also note that he was arrested on the current charges in August 2023; it is impossible that he could have exhausted his claims in just a few months.

But even if I assume that Jackson exhausted any claims cognizable in federal habeas corpus, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court of the United States has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances to overcome the requirement of abstention. Importantly, Jackson's allegations that he was coerced into a plea are contradicted by the record because he has not entered a plea in his justice court case. Further, defendants in state criminal proceedings routinely allege that those proceedings violate their constitutional rights,

including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Jackson's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. In addition, pretrial motion practice or defenses at trial could ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so abstention is required.

Because the charges against Jackson are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice. Thus, this petition is dismissed without prejudice. Reasonable jurists would not find this determination to be debatable or wrong, and I decline to issue a certificate of appealability.

## Conclusion

I THEREFORE ORDER that Jackson's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Jackson's second application to proceed *in forma pauperis* **[ECF No. 3] is DENIED** as moot.

I FURTHER ORDER the Clerk of Court to file the petition for writ of habeas corpus [ECF No. 1-1].

I FURTHER ORDER that the petition **is DISMISSED without prejudice**.

I FURTHER ORDER that a certificate of appealability is denied.

I FURTHER ORDER the Clerk of the Court to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and sending a notice of electronic filing to his office for the petition [ECF No. 1-

4

1] and this order. No response is required from the respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

DATED THIS 28th day of November, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE